UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EVERS,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

FINANCIAL RECOVERY SERVICES INC.,
A Minnesota corporation,
    Defendant.
_____/

# COMPLAINT & JURY DEMAND

Plaintiff, James Evers, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

1

## PARTIES

4. Plaintiff is a natural person residing in City of Walled Lake, Oakland County, Michigan. Mr. Evers is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is Financial Recovery Services, Inc., which is a Minnesota corporation that maintains a resident agent in Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in the City of Walled Lake, Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Capital One Bank in the amount of $1,121.07 ("The Debt").

9. The last time that Mr. Evers made any payment toward this alleged debt was in 2005. The debt is unenforceable and expired under the State of Michigan's Statute of Limitations of 6 years.

10. On or about May 14, 2015, Mr. Evers received a letter from Defendant providing him with different options to settle the alleged debt. Defendant stated the last payment made on the alleged debt was on October 20, 2005, the charge-off date was May 25, 2006 and that the date of the first delinquency was November 23, 2005.

11. Defendant's offer to settle the time-barred debt violated the FDCPA by implying that the debt is enforceable when, in fact, it is not.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates the preceding allegations by reference.

13. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

14. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

15. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

16. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:
    a. 15 U.S.C. §1692e by using any false, deceptive, or misleading representations or means in connection with the collection of any debt. Defendant did this when it offered to settle the alleged debt that is unenforceable.
    b. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount or legal status of any debt.
    c. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as the debt is out of statute.

17. Mr. Evers has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

18. Plaintiff incorporates the preceding allegations by reference.

19. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

20. Mr. Evers is a debtor as that term is defined in M.C.L. § 339.901(f).

21. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle an out of statute debt.

    b. MCL §339.915(f)(ii) by misrepresenting the legal rights of the debtor.

    c. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

22. Mr. Evers has suffered damages as a result of these violations of the Michigan Occupational Code.

23. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

24. Plaintiff incorporates the preceding allegations by reference.

25. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

26. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

27. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Defendant did this when it offered to settle an out of statute debt.

   b. MCL §445.252 (f)(ii) by misrepresenting the legal rights of the debtor.

   c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

28. Mr. Evers has suffered damages as a result of these violations of the MCPA.

29. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

   a. Actual damages.

   b. Statutory damages.

   c. Treble damages.

   d. Statutory costs and attorney fees.

                    Respectfully submitted,

July 16, 2015         /s/ Gary Nitzkin_____
                    GARY D. NITZKIN   P41155
                    TRAVIS SHACKELFORD P68710
                    MICHIGAN CONSUMER CREDIT LAWYERS
                    Attorneys for Plaintiff
                    22142 West Nine Mile Road
                    Southfield, MI 48033
                    (248) 353-2882
                    Fax (248) 353-4840
                    Email – gary@micreditlawyer.com